UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

BRIAN BELL,

               Plaintiff,

    v.

CAROLYN W. COLVIN,
Acting Commissioner of Social Security,

               Defendant.

No.  2:12-cv-2515 CKD

ORDER

Plaintiff seeks judicial review of a final decision of the Commissioner of Social Security ("Commissioner") denying an application for Supplemental Security Income ("SSI") under Title XVI of the Social Security Act ("Act").  For the reasons discussed below, the court will deny plaintiff's motion for summary judgment and grant the Commissioner's cross-motion for summary judgment.

BACKGROUND

Plaintiff, born August 23, 1960, applied for SSI on September 4, 2009, alleging disability beginning October 1, 2006.  Administrative Transcript ("AT") 183, 203.  Plaintiff alleged he was unable to work due to problems with memory, depressive disorder, paranoia caused by people, antisocial personality, asthma, finger fractures, C5-6 fusion, and lumbar disc disease.  AT 216.  In a decision dated July 14, 2011, the ALJ determined that plaintiff was not disabled.  AT 20-30.

1

The ALJ made the following findings (citations to 20 C.F.R. omitted):

1.      The claimant has not engaged in substantial gainful activity since September 4, 2009, the application date.

2.      The claimant has the following severe impairments: major depressive disorder; and antisocial personality disorder; chronic pain secondary to history of degenerative disc disease of the cervical spine, status post microdiscectomy; and hepatitis C.

3.      The claimant does not have an impairment or combination of impairments that meets or medically equals one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1.

4.      After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform light work as defined in 20 C.F.R. 416.967(b) except: he could perform non-public, simple, repetitive tasks with only occasional contact with coworkers and supervisors.

5.      The claimant is unable to perform any past relevant work.

6.      The claimant was born on August 23, 1960 and was 49 years old, which is defined as a younger individual age 18-49, on the date the application was filed.   The claimant subsequently changed age category to approaching advanced age.

7.      The claimant has a limited education and is able to communicate in English.

8.      Transferability of job skills is not material to the determination of disability because using the Medical-Vocational Rules as a framework supports a finding that the claimant is "not disabled," whether or not the claimant has transferable job skills.

9.      Considering the claimant's age, education, work experience, and residual functional capacity, there are jobs that exist in significant numbers in the national economy that the claimant can perform.

10.      The claimant was not been under a disability, as defined in the Social Security Act, since September 4, 2009, the date the application was filed.

AT 22-30.

ISSUES PRESENTED

Plaintiff argues that the ALJ committed the following errors in finding plaintiff not disabled:  (1) the ALJ erred in evaluating the plaintiff's credibility, (2) the ALJ erred by failing to account for third-party evidence, (3) the ALJ erred in rejecting the opinions of two medical

/////

2

source opinions in the record, and (4) the ALJ erred in evaluating limitations in the record.  ECF No. 19.

LEGAL STANDARDS

The court reviews the Commissioner's decision to determine whether (1) it is based on proper legal standards pursuant to 42 U.S.C. § 405(g), and (2) substantial evidence in the record as a whole supports it.  Tackett v. Apfel, 180 F.3d 1094, 1097 (9th Cir.1999).  Substantial evidence is more than a mere scintilla, but less than a preponderance.  Connett v. Barnhart, 340 F.3d 871, 873 (9th Cir. 2003) (citation omitted).  It means "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."  Orn v. Astrue, 495 F.3d 625, 630 (9th Cir. 2007), quoting Burch v. Barnhart, 400 F.3d 676, 679 (9th Cir. 2005).  "The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and resolving ambiguities."  Edlund v. Massanari, 253 F.3d 1152, 1156 (9th Cir. 2001) (citations omitted). "The court will uphold the ALJ's conclusion when the evidence is susceptible to more than one rational interpretation."  Tommasetti v. Astrue, 533 F.3d 1035, 1038 (9th Cir. 2008).

The record as a whole must be considered, Howard v. Heckler, 782 F.2d 1484, 1487 (9th Cir. 1986), and both the evidence that supports and the evidence that detracts from the ALJ's conclusion weighed.  See Jones v. Heckler, 760 F.2d 993, 995 (9th Cir. 1985).  The court may not affirm the ALJ's decision simply by isolating a specific quantum of supporting evidence.  Id.; see also Hammock v. Bowen, 879 F.2d 498, 501 (9th Cir. 1989).  If substantial evidence supports the administrative findings, or if there is conflicting evidence supporting a finding of either disability or nondisability, the finding of the ALJ is conclusive, see Sprague v. Bowen, 812 F.2d 1226, 1229-30 (9th Cir. 1987), and may be set aside only if an improper legal standard was applied in weighing the evidence.  See Burkhart v. Bowen, 856 F.2d 1335, 1338 (9th Cir. 1988).

ANALYSIS

I. Plaintiff's Credibility

After reviewing the claimant's allegations, the ALJ found that "the statements concerning the intensity, persistence and limiting effects of these symptoms are not credible to the extent they are inconsistent with the . . . residual functional capacity assessment."  AT 25-26.  Plaintiff argues

1   that the ALJ's "boilerplate" language and "opaque reliance on malingering . . . undermine the

2   coherency and reviewability of the decision's handling of [plaintiff's] own testimony." Id. at 6.

3          The ALJ determines whether a disability applicant is credible, and the court defers to the

4   ALJ's discretion if the ALJ used the proper process and provided proper reasons.  See, e.g.,

5   Saelee v. Chater, 94 F.3d 520, 522 (9th Cir. 1995).  If credibility is critical, the ALJ must make an

6   explicit credibility finding.  Albalos v. Sullivan, 907 F.2d 871, 873-74 (9th Cir. 1990); Rashad v.

7   Sullivan, 903 F.2d 1229, 1231 (9th Cir. 1990) (requiring explicit credibility finding to be

8   supported by "a specific, cogent reason for the disbelief")

9          In evaluating whether subjective complaints are credible, the ALJ should first consider

10  objective medical evidence and then consider other factors.  Bunnell v. Sullivan, 947 F.2d 341,

11  344 (9th Cir. 1991) (en banc).  If there is objective medical evidence of an impairment, the ALJ

12  then may consider the nature of the symptoms alleged, including aggravating factors, medication,

13  treatment and functional restrictions.  See id. at 345-47.  The ALJ also may consider: (1) the

14  applicant's reputation for truthfulness, prior inconsistent statements or other inconsistent

15  testimony, (2) unexplained or inadequately explained failure to seek treatment or to follow a

16  prescribed course of treatment, and (3) the applicant's daily activities.  Smolen v. Chater, 80 F.3d

17  1273, 1284 (9th Cir. 1996); see generally SSR 96-7P, 61 FR 34483-01; SSR 95-5P, 60 FR 55406-

18  01; SSR 88-13.  Work records, physician and third party testimony about nature, severity and

19  effect of symptoms, and inconsistencies between testimony and conduct also may be relevant.

20  Light v. Social Security Administration, 119 F.3d 789, 792 (9th Cir. 1997).  A failure to seek

21  treatment for an allegedly debilitating medical problem may be a valid consideration by the ALJ

22  in determining whether the alleged associated pain is not a significant nonexertional impairment.

23  See Flaten v. Secretary of HHS, 44 F.3d 1453, 1464 (9th Cir. 1995).  The ALJ may rely, in part,

24  on his or her own observations, see Quang Van Han v. Bowen, 882 F.2d 1453, 1458 (9th Cir.

25  1989), which cannot substitute for medical diagnosis.  Marcia v. Sullivan, 900 F.2d 172, 177 n.6

26  (9th Cir. 1990).  "Without affirmative evidence showing that the claimant is malingering, the

27  Commissioner's reasons for rejecting the claimant's testimony must be clear and convincing."

28  Morgan v. Commissioner of Social Sec. Admin., 169 F.3d 595, 599 (9th Cir. 1999).

1    In finding plaintiff not credible, the ALJ noted that the allegations of intense psychiatric-

2    based symptoms are inconsistent with clinical indications showing that plaintiff's condition was

3    well controlled, mental examinations revealed mild findings, and also that treating source

4    opinions state that plaintiff is fairly stable and medications assist daily stability.  AT 26.  The ALJ

5    also found that these allegations are inconsistent with plaintiff's own admissions and also with the

6    medical opinions of consultative psychologist, Dr. David Richwerger, and reviewing psychiatrist,

7    Dr. K. Loomis.  Id.  The ALJ went on to state that the allegations of intense pain and asthma

8    difficulties are not entirely credible because primary treatment notes show few complaints of

9    pain, complaints of pain resulted in few significant findings, plaintiff's asthma is controlled, and

10   there are few complaints of symptoms or side effects of plaintiff's hepatitis.  AT 27.  The ALJ

11   continued, finding that these allegations are inconsistent with the medical opinion of consultative

12   internist, Dr. Christine Hernando.  Id.  Furthermore, the ALJ found that plaintiff's credibility is

13   questioned because he was not entirely cooperative in the disability review process, as indicated

14   by plaintiff's Testing of Memory Malinger score.  Id.  Contrary to plaintiff's assertion, the ALJ

15   did not make a finding that plaintiff was a malingerer.  The ALJ actually noted that "malingering

16   was not diagnosed."

17        Plaintiff argues that the ALJ's use of boilerplate language and use of medical evidence

18   after having given it significant weight "gets things backwards and that this error is "confounded

19   by . . . an incoherent straddling of the role of evidence of malingering."  ECF No. 19, 6.  Plaintiff

20   cites to Seventh Circuit decision, Bjornson v. Astrue, 671 F.3d 64, 644-646 (7th Cir. 2012), in

21   which the court criticized the use of the same boilerplate language used by the ALJ in this case:

22   "the statements concerning the intensity, persistence and limiting effects of these symptoms are

23   not credible to the extent they are inconsistent with the . . . residual functional capacity

24   assessment."  Specifically, the court noted that this "'boilerplate language fails to inform us in a

25   meaningful, reviewable way of the specific evidence the ALJ considered in determining that

26   claimant's complaints were not credible.'"  Id., quoting Hardman v. Barnhart, 362 F.3d 676, 679

27   (10th Cir. 2004).  The court went on to state that "[o]ne problem with the boilerplate is that the

28   assessment of the claimant's "residual functional capacity" . . . comes later in the administrative

1   law judge's opinion." Id. at 645.  Unlike the court in Bjornson, this Court does not take issue

2   with the form of the present ALJ opinion.  Here, the ALJ noted plaintiff's residual functional

3   capacity ("RFC") in a heading format, made use of the boilerplate language at issue, and then

4   went on to "inform [this Court] in a meaningful, reviewable way of the specific evidence the ALJ

5   considered" in making her credibility determination, as set forth above.  AT 25-28.  The ALJ

6   discussed the evidence on record at length, which supported both her credibility and RFC

7   determinations.

8        Plaintiff's argument concerning the ALJ's discussion of malingering is equally unavailing.

9   Plaintiff cites to Dodrill v. Shalala, 12 F.3d 915, 918 (9th Cir. 1993), in arguing that the ALJ

10  misused evidence of malingering.  The court in Dodrill states that "[i]f there is medical evidence

11  establishing an objective basis for some degree of pain and related symptoms, and no evidence

12  affirmatively suggesting that the claimant was malingering, the Secretary's reason for rejecting

13  the claimant's testimony must be 'clear and convincing,' and supported by specific findings. . . .

14  It's not sufficient for the ALJ to make only general findings; he must state which pain testimony

15  is not credible and what evidence suggests the complaints are not credible."  Id. (citations

16  omitted).  In this case, the ALJ noted that there was affirmative evidence suggesting that plaintiff

17  was malingering, yet she stated which pain testimony was not credible—allegations of intense

18  psychiatric-based symptoms and allegations of intense pain and asthma difficulties—and

19  discussed evidence supporting her finding at length.

20       There is no error in the ALJ's finding that plaintiff's allegations are not entirely credible

21  as it is supported by clear and convincing reasons, which are based on objective medical evidence

22  and other relevant factors on record.

23  II.  Lay Evidence

24       After reviewing plaintiff's allegations, the ALJ reviewed the allegations made in a

25  Function Report completed by Ms. Claudia Wiggins.  AT 25-26.  Plaintiff alleges that the ALJ

26  failed to account for Ms. Wiggins' testimony and that it cannot be disregarded without comment.

27  ECF No. 19, 5.  Plaintiff also asserts that "[m]ultiple elements of this ignored evidence differed

28  from the decision's assessment and could have resulted in finding disability."  Id.  As plaintiff

1   suggests, "lay witness testimony as to a claimant's symptoms or how an impairment affects

2   ability to work is competent evidence, and therefore cannot be disregarded without comment."

3   Nguyen v. Chater, 100 F.3d 1462, 1467 (9th Cir. 1996); see also Dodrill, 12 F.3d at 918-19 (9th

4   Cir. 1993) (friends and family members in a position to observe a plaintiff's symptoms and daily

5   activities are competent to testify to condition).  "If the ALJ wishes to discount the testimony of

6   the lay witnesses, he must give reasons that are germane to each witness."  Dodrill, 12 F.3d at

7   919; see also Stout v. Commissioner SSA, 454 F.3d 1050, 1056 (9th Cir. 2006) (where ALJ fails

8   to properly discuss competent lay testimony favorable to plaintiff, court cannot consider error to

9   be harmless unless it can confidently conclude no reasonable ALJ, when fully crediting

10  testimony, could have reached different disability determination).

11          Plaintiff's assertion that the ALJ failed to evaluate or account for Ms. Wiggins'

12  allegations is unfounded.  After reviewing plaintiff's and Ms. Wiggins' allegations, the ALJ

13  proceeded to thoroughly discuss why "these allegations of intense psychiatric-based symptoms"

14  and "these allegations of intense pain and asthma difficulties" are not entirely credible, as

15  discussed above.  AT 26-28.  Ms. Wiggins' allegations were clearly accounted for.  In asserting

16  that the ALJ did not account for all of Ms. Wiggins' allegations, plaintiff failed to cite to any

17  specific statement, or element of such, that was disregarded without comment.  Upon review of

18  Ms. Wiggins' Function Report, it is clear that the ALJ accounted for all of her statements.  AT

19  224-31.

20          Moreover, as defendant points out, the ALJ's summary of plaintiff's and Ms. Wiggins'

21  allegations shows that they mirror each other.  ECF No. 20, 11.  For instance, both state that

22  plaintiff has problems with sleep (AT 208, 225), is paranoid and impatient (AT 208, 212, 227,

23  231), is socially withdrawn (AT 211, 228-29), and could perform limited household chores (AT

24  209-10, 226-27).  The ALJ then considered "these allegations" together and rejected them for the

25  same reasons.  AT 26-28.

26  /////

27  /////

28  /////

1     To the extent that the ALJ erred by not dissecting her findings in a fashion that clearly

2  indicates the germane reasons for discounting plaintiff's and Ms. Wiggins' allegations, any such

3  error is harmless.  As defendant notes, an ALJ's failure to discuss a lay witness's testimony is

4  harmless where that testimony duplicates plaintiff's testimony, which was already rejected by the

5  ALJ.  See Molina v. Astrue, 674 F.3d 1104, 1122 (9th Cir. 2012).  Therefore, any mistake in the

6  process by which the ALJ made her credibility finding was nonprejudicial to the plaintiff in that it

7  was irrelevant to the ALJ's ultimate disability conclusion.  See Stout, 454 F.3d at 1055.

8  III.  Opinion Evidence

9     Plaintiff argues that the ALJ erred in rejecting the opinions of Drs. Golkar and

10  Hanizamrey.  ECF No. 19, 6-8.  Plaintiff also alleges that the ALJ erred in assessing Dr. Christine

11  E. Hernando's consultative evaluation.  Id. at 8-9.  Lastly, plaintiff claims that the ALJ failed to

12  consider the mental limitations set forth in Dr. David C. Richwerger's consultative psychological

13  evaluation.  Id. 9-10.

14     The weight given to medical opinions depends, in part, on whether they are proffered by

15  treating, examining, or non-examining professionals.  Lester v. Chater, 81 F.3d 821, 830 (9th Cir.

16  1995).  Ordinarily, more weight is given to the opinion of a treating professional, who has a

17  greater opportunity to know and observe the patient as an individual.  Id.; Smolen, 80 F.3d at

18  1285.

19     To evaluate whether an ALJ properly rejected a medical opinion, in addition to

20  considering its source, the court considers whether (1) contradictory opinions are in the record,

21  and (2) clinical findings support the opinions.  An ALJ may reject an uncontradicted opinion of a

22  treating or examining medical professional only for "clear and convincing" reasons.  Lester, 81

23  F.3d at 831.  In contrast, a contradicted opinion of a treating or examining professional may be

24  rejected for "specific and legitimate" reasons that are supported by substantial evidence.  Id. at

25  830.  While a treating professional's opinion generally is accorded superior weight, if it is

26  contradicted by a supported examining professional's opinion (e.g., supported by different

27  independent clinical findings), the ALJ may resolve the conflict.  Andrews v. Shalala, 53 F.3d

28  1035, 1041 (9th Cir. 1995) (citing Magallanes v. Bowen, 881 F.2d 747, 751 (9th Cir. 1989)).  In

1    any event, the ALJ need not give weight to conclusory opinions supported by minimal clinical

2    findings.  Meanel v. Apfel, 172 F.3d 1111, 1113 (9th Cir.1999) (treating physician's conclusory,

3    minimally supported opinion rejected); see also Magallanes, 881 F.2d at 751.  The opinion of a

4    non-examining professional, without other evidence, is insufficient to reject the opinion of a

5    treating or examining professional.  Lester, 81 F.3d at 831.

6         A.  Drs. Hanizamrey and Golkar

7         Plaintiff argues that the ALJ erred in dismissing two supportive treating physician

8    statements by Drs. Hanizamrey and Golkar, treating sources at the Sacramento County Health

9    Department.  ECF No. 19, 6; AT 28, 414, 415.  On March 8, 2011, Dr. Hanizamrey's opinion

10   consists of a hand-written note, which states that plaintiff "was seen by me at our clinic on 3/8/11.

11   I do not believe he can work at least until his next eval[uation.]"  AT 414.  Likewise, on April 8,

12   2011, Dr. Golkar's opinion consists of a hand-written note, which states that plaintiff "is being

13   seen in our clinic for medical and mental health problems.  At this time his symptoms are severe

14   enough to prevent him from working."  AT 415.

15        The ALJ assigned these opinions little weight because they are unpersuasive and not well

16   supported.  AT 28.  The ALJ noted that "their summary opinions of disability concerns an issue

17   solely reserved to the Commissioner."  Id.  As defendant correctly points out, whether a plaintiff

18   is unable to work is a decision reserved for the ALJ, not plaintiff's physicians.  ECF No. 20, 12-

19   13; see also 20 C.F.R. 416.927(d).  Plaintiff argues that this fact does not totally or virtually

20   negate the value of these opinions.  ECF No. 19, 7.  However, plaintiff fails to recognize that

21   these opinions were given "little weight" and that such weight was given for other reasons along

22   with the fact that these statements make conclusory opinions regarding an issue ultimately

23   reserved for the Commissioner.

24        The ALJ also assigned these opinions little weight because they are "in stark contrast to

25   the other mild findings of other treating sources at Sacramento County Health Department."  AT

26   28.  The ALJ points to treatment notes from the Sacramento County Department of Health Clinic

27   which contain "few significant physical examination findings . . . that would suggest an inability

28   to work."  Id.; AT 290-340, 390-403.  Plaintiff asserts that this reasoning by the ALJ is not

accurate, legitimate, or supported by the evidence, without pointing to specific evidence in the record supporting these opinions. ECF No. 19, 7. Defendant, on the other hand, discusses numerous findings which contradict the opinions of Drs. Hanizamrey and Golkar and support the ALJ's decision. Specifically, defendant notes that several physicians issued opinions finding that plaintiff has mild symptoms, could perform light work involving simple tasks in restricted situations, that plaintiff improved and stabilized when taking medications, . ECF No. 20, 13; AT 280-82, 347, 356-57, 362, 365, 390-91, 406.

Regardless of plaintiff's arguments concerning the ALJ's evaluation of and assignment of little weight to these opinions, the ALJ need not give any weight to conclusory opinions supported by minimal clinical findings. Meanel, 172 F.3d at 1113. As plaintiff stated, these opinions are bald and non-specific. ECF No. 19, 6. The opinions are not accompanied by a medical source statement and are unsupported by clinical findings by either physician.

Thus, there was no error in the ALJ's assignment of little weight to the contradicted opinions of Drs. Hanizamrey and Golkar because the ALJ discussed specific and legitimate reasons that are supported by substantial evidence in the record and the opinions are both conclusory and unsupported by clinical findings.

B. Dr. Hernando

Plaintiff argues that the ALJ erred by relying on a portion of Dr. Hernando's opinion while dismissing her opinion of plaintiff's manipulative limitations which are caused by a 1992 fusion surgery. ECF No. 19, 8; AT 27. Dr. Hernando found that plaintiff has pain in his back and neck and some radicular symptoms when fully extending or flexing his neck but that these issues need further investigation. AT 347. Dr. Hernando also stated that, based on her one-time examination, plaintiff has some manipulative restriction to grasp on the right due to the numbness, can occasionally bend or stoop, and can occasionally lift or carry 20 pounds. Id. The ALJ found that Dr. Hernando's opinion of plaintiff's postural and grasping abilities is unpersuasive because there are no other records of plaintiff's complaints of any postural or gripping difficulties or decreased sensation about the right fingers.

/////

1    Plaintiff asserts that although the treating record does not address his manipulative

2    limitations, it does not exclude them.  ECF No. 19, 8.  Plaintiff claims that "sparse treating record

3    never looked for them."  Defendant notes that these issues did not limit plaintiff from working

4    between 2003 and 2006 although they allegedly stem from a 1992 surgery.  AT 202.

5    While plaintiff is correct in arguing that an uncontradicted opinion may only be rejected

6    for clear and convincing reasons, an ALJ may consider an opinion's source and supporting

7    clinical findings when rejecting a medical opinion.  That the treating record outside of Dr.

8    Hernando's opinion does not address manipulative limitations and Dr. Hernando based her

9    opinion on only one visit with the plaintiff are clear and convincing reasons justifying the ALJ's

10   decision.  As the ALJ stated, the manipulative limitations found by Dr. Hernando "are

11   inconsistent with the lack of any such findings by treating sources."  AT 27.  Moreover, any error

12   committed by the ALJ by not including these minor manipulative limitations would be harmless

13   because it would not be prejudicial to the ALJ's ultimate disability conclusion.  See Stout, 454

14   F.3d at 1055.

15   C. Dr. Richwerger

16   Plaintiff argues that the ALJ erred in assessing Dr. Richwerger's opinion regarding

17   plaintiff's mental RFC.  ECF No. 19, 9.  Dr. Richwerger found that plaintiff had a slight to

18   moderate impairment in his ability to interact with coworkers and the public and also in his ability

19   to complete workdays and work weeks without interruption from a psychiatric condition.  AT

20   357.  The ALJ reviewed Dr. Richwerger's opinion in full, assigned it significant weight, and

21   limited plaintiff's RFC to light work involving the performance of non-public tasks with only

22   occasional contact with coworkers and supervisors.  AT 25-26.  Plaintiff seems to argue that

23   because the ALJ's RFC determination included limitations based on Dr. Richwerger's finding of

24   a slight to moderate impairment in plaintiff's ability to interact with coworkers and the public that

25   it must also include the slight to moderate impairment to his ability to complete workdays and

26   work weeks without interruption from a psychiatric condition.  Plaintiff's argument has no merit

27   because it mistakes the purpose of the RFC assessment.

28   /////

1    Social Security Ruling 96-8p sets forth the policy interpretation of the Commissioner for

2    assessing RFC.  SSR 96-8p.  RFC is what a person "can still do despite [the individual's]

3    limitations."  20 C.F.R. §§ 404.1545(a), 416.945(a) (2012); see also Valencia v. Heckler, 751

4    F.2d 1082, 1085 (9th Cir. 1985) (RFC reflects current "physical and mental capabilities").  An

5    individual's RFC is "based on all the relevant evidence in [the individual's] case record."  Id.

6    Defendant asserts that SSR 96-8p justifies the exclusion of the slight to moderate impairment at

7    issue and also argues that the ALJ's findings regarding plaintiff's ability to work are consistent

8    with those of Dr. K. Loomis.  Dr. Loomis found that plaintiff was not significantly limited in all

9    areas except for moderate limitations in his ability to interact with the public and to understand,

10   remember, and carry out detailed instructions.  AT 363-65.

11   Defendant's argument is persuasive.  There was no error in the ALJ's assessment of Dr.

12   Richwerger's opinion regarding plaintiff's mental RFC.  The ALJ did not include the slight to

13   moderate impairment at issue because its inclusion in plaintiff's RFC was unwarranted under SSR

14   96-8p and the remainder of the ALJ's mental RFC determination was based on substantial

15   evidence.

16   CONCLUSION

17   For the reasons stated herein, IT IS HEREBY ORDERED that:

18   1.  Plaintiff's motion for summary judgment (ECF No. 19) is denied;

19   2.  The Commissioner's cross-motion for summary judgment (ECF No. 20) is

20   granted; and,

21   3.  Judgment is entered for the Commissioner.

22   Dated:  January 16, 2014

23

24   CAROLYN K. DELANEY
     UNITED STATES MAGISTRATE JUDGE

25

26   33/4 bell2515.ss

27

28

12